UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN DOE, a/k/a EUGEAN PAYNE, )<br>a/k/a Devion Myers, )<br>)<br>Defendant. ) | Case No. 4:06MJ2072-1 AGF |

**ORDER FINDING PROBABLE CAUSE**
**AND ORDERING PRETRIAL DETENTION**

On March 10, 2006, Defendant was charged in a one count criminal complaint with aggravated identity theft, in violation of 18 U.S.C. § 1028A. The government moved for pretrial detention and counsel was appointed to represent Defendant.

On March 14, 2006, the Court held a preliminary examination hearing and a hearing on the government's motion for pretrial detention. Defendant appeared and was represented by his attorney, Assistant Federal Public Defender Janis C. Good. The government was represented by Assistant United States Attorney Tracy L. Berry. The government presented the testimony of Special Agent David O. Rizi, employed with the Federal Bureau of Investigation, and Special Agent Tom Brady, employed with the Social Security Administration. Based upon the evidence adduced at the preliminary examination, the Court finds probable cause to believe that the offense charged in the

complaint was committed by Defendant, and the Defendant will be held to answer the charges.

With regard to the issue of pretrial detention, neither party had any objections to the Pretrial Services Report ("PSR") dated March 14, 2006, except Defendant noted that he wanted to confirm that the driving under the influence conviction recited in paragraph 4 actually related to Defendant, rather than his brother. Subject to the foregoing, the Court adopts and incorporates the information contained in the PSR. The government has presented strong evidence of the charges against Defendant. As set forth in the PSR, Defendant has used multiple aliases, apparently has possessed and used false identification documents, and there is probable cause to believe has created false identification documents. Although Defendant advises the Court that his true name is Solomon White, neither the Pretrial Services Office nor the investigators involved in the case have been able to confirm this as Defendant's true identity. Defendant proffered to the Court that Defendant's father would be in a position to post bond, but to date the Pretrial Services Office has been unable to reach anyone at the telephone numbers provided by Defendant. In addition, it appears that Defendant has few if any ties to this district and is now facing serious charges that could result in substantial penalties, increasing Defendant's incentive to flee.

For the above reasons, and for the reasons set forth in the PSR, the Court finds by a preponderance of the evidence and by clear and convincing evidence, respectively, that there is no condition or combination of conditions that will adequately assure the appearance of Defendant and the safety of the community. 18 U.S.C. § 3142(e) and (f).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant be held to answer any timely filed indictment, and this case is passed to **Friday, April 7, 2006, at 4:00 p.m.**, for a conference on the status of the prosecution before the undersigned United States Magistrate Judge.

**IT IS FURTHER ORDERED** that Defendant be detained pending trial.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that Defendant be afforded reasonable opportunity for consultation with counsel; and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 15th day of March, 2006.